COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      In the Interest of K. C.

Appellate case numbers:    01-18-00009-CV & 01-18-00010-CV

Trial court case numbers:  248269-01 & 248269

Trial court:              Probate Court No. 3 of Harris County

This Court's April 12, 2018 Order had directed the court reporter to file the reporter's records within 20 days of that Order in the above-related accelerated appeals involving involuntary commitment and administration of psychoactive medication. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 574.070(e), 574.108(a) (West 2010). On April 25, 2018, the court reporter filed the reporter's record of the December 22, 2017 commitment and medication hearing, which set appellant's brief due by May 15, 2018, because the clerk's record had been filed on February 20, 2018. *See* TEX. R. APP. P. 38.6(a)(2). Because no brief was timely filed, the Clerk of this Court's May 23, 2018 notified appellant's appointed counsel, Tom Zakes, that, unless an extension or a brief was filed within ten days of that notice, these appeals might be dismissed for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b). To date, no brief has been timely filed on behalf of appellant.

However, because these are involuntary commitment and administration of psychoactive medication appeals, the statute requires that we give these appeals preference over other cases and allows this Court to suspend all rules relating to the time for filing briefs and, thus, this Court suspends the operation of Rules 38.8 and 42.3. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.070(e); TEX. R. APP. P. 38.8(a)(1), 42.3(b). Accordingly, the Court sua sponte **abates** these appeals and **remands** the cases to the trial court for further proceedings. The trial court shall immediately conduct a hearing at which a representative of the Harris County Attorney's Office and appellant's counsel, **Tom Zakes**, shall be present. Appellant shall also be present for the hearing in person or, if appellant is hospitalized, at the trial court's discretion, appellant may participate by closed-circuit video teleconferencing.[1]

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication

This Court directs the trial court to:

    (1)  determine whether appellant wishes to prosecute these appeals;

    (2)  if appellant wishes to prosecute the appeals, determine whether appellant is still indigent;

    (3)  if appellant is indigent, determine whether good cause exists to relieve Tom Zakes of his duties as appellant's counsel;

        a.  if good cause exists to remove counsel, enter a written order relieving Tom Zakes of his duties as appellant's counsel, and appoint substitute appellate counsel at no expense to appellant;

        b.  if good cause does not exist to remove counsel, provide a final deadline by which Tom Zakes must file a brief in both appeals in this Court, which shall be no more than 20 days from the hearing;

    (4)  if appellant is not indigent and Tom Zakes does not intend to represent appellant on these appeals,

        a.  determine whether appellant has retained an attorney to represent appellant on these appeals, and, if so, obtain the name, address, and telephone number of retained counsel;

        b.  if appellant has not retained counsel, admonish appellant of the dangers and disadvantages of self-representation, and

            i.  determine whether appellant has knowingly and intelligently waived appellant's right to counsel; and

            ii.  determine whether any decision by appellant to proceed pro se is in the best interest of appellant, the County, and the administration of justice;

           iii.  if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;

    (5)  make any other findings and recommendations the trial court deems appropriate; and

    (6)  enter written findings of fact, conclusions of law, and recommendations on these issues, separate from any docket sheet notations.

*See* TEX. HEALTH & SAFETY CODE ANN. § 574.003(a) (West 2010).

      The court coordinator of the trial court shall set a hearing date **within 20 days from the date of this order** and notify the parties and the Clerk of this Court of such date. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **within 10 days of the date of the hearing**. The court reporter is directed to file the reporter's record of the hearing **within 10 days of the date of the hearing**. If the hearing is conducted by video teleconference and electronically recorded, a certified video recording of the hearing shall also be filed in this Court within 10 days of the date of this hearing.

---

of image and sound between the trial court, appellant, and any attorneys representing the County or appellant. On request of appellant, appellant and appellant's counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the County.

If counsel Tom Zakes files an extension motion and brief on appellant's behalf in both appeals in this Court and a copy of such brief in the trial court, which brief complies with Texas Rule of Appellate Procedure 38.1, **within 10 days from the date of this Order**, with a motion requesting that we withdraw this Order of Abatement, this Court may reconsider and withdraw this Order and reinstate the appeals.

These appeals are abated, treated as closed cases, and removed from this Court's active docket. These appeals will be reinstated on this Court's active docket when the supplemental clerk's record and a supplemental reporter's record, if any, complying with this Order is filed with this Court.

It is so ORDERED.

Judge's signature:   /s/ Evelyn V. Keyes
                     Acting individually

Date: June 7, 2018